Opinion delivered May 18, 1889.

---

No. 6190.

## J. T. WHITE *v.* THE STATE.

1. INJURING A FENCE.—To charge the offense denounced by article 683 of the Penal Code, the information or indictment must charge such acts of injury to property as do not come within the description of any of the offenses against property otherwise provided for in the Penal Code. The indictment in this case is formulated under said article 683, and charges an injury to a fence—an act which comes within the definition of two other offenses provided for in the Penal Code. (Arts. 684, 684a.) Exception that the acts charged constitute the offense defined in article 684 should have been sustained by the court.

2. SAME—CHARGE OF THE COURT.—On the trial the defense requested the court to instruct the jury as follows: "1. If you believe from the evidence of the witnesses that J. T. White had leased the farm of Watson for the year 1887, that he was for the time owner of said premises, and had the right to use the premises for his own convenience, so that he did not use them to the injury of another, and in the use of the same he had a right to open the fence for his own convenience. 2. Gentlemen, if you believe from the evidence that defendant cut the fence of Watson for his own convenience, and not maliciously for the purpose of injuring Watson, you will acquit. If you have a reasonable doubt as to defendant's guilt you will acquit." *Held,* that, being correct in principle, and embodying issues made by the proof, the refusal of the court to give said instructions was error.

APPEAL from the County Court of Collin. Tried below before the Hon. M. W. Johnson, County Judge.

The opinion sets out the nature of the case. The penalty assessed by the verdict was a fine of one cent. The prosecution is dismissed because the indictment is bad in substance, but the ruling of this court upon the action of the trial court, in refusing the special instructions asked by the defense, necessitates a statement of the evidence adduced on the trial.

J. B. Watson was the first witness for the State. He testified, in substance, that he owned the place or farm in Collin county which the defendant leased and cultivated during the year 1887. That farm was enclosed by a good fence constructed of barbed wire in three strands, some of the supporting posts being eight feet, and others sixteen feet apart. There was a pair of bars near the house used in going into and out of the field with wagons and teams. In October, 1887, the defendant cut the said fence in two places, which materially damaged it, inasmuch as it could not be so spliced at the gap made by the cutting without leaving the wire slack. On cross examination the witness said that a good state of feeling did not exist between him and the defendant. Witness went to the house occupied by defendant and asked him why he cut the fence. Defendant replied that he had a right to cut it, whereupon the witness struck him. The ground was about as firm, even and good at the bars as it was at the places cut by the defendant, and the bars were at no greater distance from the house than the places cut. It had not been raining recently before the bars were cut, and the ground was not then muddy. Witness never heard of stock getting into that field.

E. A. Kirkland testified, for the State, that the fence around the Watson farm, occupied by the defendant in 1887, was cut in two places on or about October, 1887. The gap made by the two cuttings opened a wagon way out of the farm to the public road. Defendant said that he cut the gap in the fence for his convenience, as a way through which to haul his cotton and fire wood. Sam H. Graves testified, for the State, substantially as did Kirkland, and in addition that he saw the defendant cut the fence. It had been raining at the time of the cutting, and the ground was wet and muddy, but not so muddy at the gap opened by defendant as at the bars near the house.

John H. Watson, the son of the prosecuting witness, testified,

for the State, that the ground, at the time the fence was cut, was in about the same condition at the gap opened by defendant as at the bars. Witness hauled some of the rent corn to his father's house through the gap opened by defendant.

The State closed.

T. W. Harrison testified, for the defense, that he worked for defendant on the J. B. Watson place in 1887; helped him gather his crop of corn and cotton, and to cut the gap in the fence mentioned by the State's witnesses. When he opened the gaps the defendant said that he did so because it afforded him a better course over which to haul his crops and firewood. A great deal of rain had recently fallen, leaving the ground wet, heavy and muddy. The ground was much muddier and heavier at the bars than at the gap made by defendant. The road through the bars passed over a large number of stumps, and to travel it in the field the defendant would have to drive his wagon over some of his growing cotton. Witness several times, before the cutting of the fence, helped defendant drive stock out of the field. The fence was a three strand barbed wire fence, the posts standing far apart and the wire very slack in places. Stock could get through that fence at almost any point.

*R. C. White*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction was had under article 683 of the Penal Code, the indictment charging that the defendant did "wilfully and mischievously injure and destroy certain agricultural property, to wit: a certain fence which then and there surrounded and enclosed a farm belonging to J. B. Watson, said farm and fence then and there being in the possession of said J. T. White, who had rented the same from the said J. B. Watson, the said White being then and there the tenant of said Watson, the said Watson being the owner in fee of said land and fence, said injury and destruction being done in violation of article 683, of the Penal Code of the Revised Statutes of the State of Texas, and being done in such a manner as that the same does not come within any of the offenses against property otherwise provided for by said Penal Code."

Exceptions to the indictment were overruled, one of said exceptions being that the facts as charged constitute an offense under article 684 of the Penal Code, and are therefore not within the purview of article 682. This exception, we think, should have been sustained. The offense declared and made punishable by article 683, must be one that does not come within the description of any of the offenses against property otherwise provided for in the Penal Code. Injury to a fence comes within the description of two other offenses against property provided for in the Penal Code, to wit, the offenses described in articles 684 and 684*a*, and under one or the other of these articles any injury done to a fence must therefore be prosecuted, and not under article 683.

· Under the issues presented by the evidence the court should have given the special charges requested by the defendant, they being correct in principle, and demanded by the evidence. (Hooks v. The State, 25 Texas Ct. App., 601.) The refusal of the court to give such instructions was excepted to by the defendant, and constitutes ground for reversal.

The judgment is reversed, and because the indictment is bad in substance the prosecution is dismissed.

*Reversed and dismissed.*